IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID D. KENT, | : | CIVIL ACTION NO. **1:CV-09-1701** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN BLEDSOE , et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, David D. Kent, an inmate at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg")[1], filed, *pro se*, this *Bivens*[2] civil rights action pursuant to 28 U.S.C. § 1331, on September 2, 2009. (Doc. 1). Plaintiff named the following eight (8) Defendants: Mr. Bledsoe, Warden at USP-Lewisburg; Mr. Marriana, Associate Warden at USP-Lewisburg; Mr. Estrada, Associate Warden at USP-Lewisburg; Mr. Passaniti, Captain at USP-Lewisburg; Mr. Brewer, Unit Manager at USP-Lewisburg; Mr. Reeves, Program Staff in Charge of the SMU Program at USP-Lewisburg; Mr. Houser, Case Manager at USP-Lewisburg; and Mrs. Rear, Warden at USP-Lewisburg. (Doc. 1, p. 2A-3A). Plaintiff also filed a motion for leave to proceed *in forma pauperis*.

---

[1] Plaintiff originally filed this action claiming that his June 2008 placement, due to disruptive behavior, into the "old" Special Management Unit ("SMU") program at USP-Lewisburg for 18 months without notice, review and a hearing violated his Fifth Amendment due process rights and, that the restrictive conditions of the program violated his Eighth Amendment rights.

[2]*Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971).

(Doc. 2). Further, Plaintiff filed a Motion for Appointment of Counsel. (Doc. 4).[3]

We screened Plaintiff's Complaint as required under the Prison Litigation Reform Act ("PLRA"), and on October 2, 2009, we issued a Report and Recommendation ("R&R"). We recommended that Plaintiff's claims for monetary damages, both compensatory and punitive, against Defendants in their official capacities be dismissed. Further, we recommended that both of Plaintiff's claims, namely his Fifth Amendment due process claims and his Eighth Amendment claims, be dismissed as against all eight Defendants, and that all eight Defendants be dismissed entirely from this action under 28 U.S.C. §1915(e)(2)(B)(ii). We also recommended that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be granted solely for the purpose of filing this action. (Doc. 9).

While our R&R was pending with the Court, Plaintiff filed three motions on October 9, 2009, namely a second Motion for Appointment of Counsel (Doc. 10), a Motion for Leave of Court to Amend his Complaint with respect to his Eighth Amendment claims (Doc. 11), and a Motion for Leave of Court to Amend his Complaint with respect to his Fifth Amendment due process claims (Doc. 12).

On January 6, 2010, the Court issued an Order and directed as follows:

    1.    The magistrate judge's report [Doc. 9] is adopted.

    2.    Plaintiff's motion (doc 2) to proceed in forma pauperis is granted.

---

[3]Plaintiff's September 2, 2009 Motion for Appointment of Counsel was denied by Order dated September 22, 2009. (Docs. 4 and 8).

3. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the complaint (doc. 1) is hereby dismissed for failure to state a claim.

4. This matter is remanded to the magistrate judge for consideration of the three pending motions [Docs. 10-12] mentioned above.

(Doc. 13, p. 2).

On January 11, 2010, Plaintiff's second Motion for Appointment of Counsel was denied by the Court. (Docs. 10 and 14).

**II. Discussion.**

We now consider Plaintiff's two Motions for Leave to file Amended Complaints as directed by the District Court. **(Docs. 11 and 12)**. Initially, we point out that Plaintiff was not required to seek leave of court to amend his Complaint since his original pleading was not served on Defendants and no responsive pleading to it was filed. *See* Fed. R. Civ. P. 15(a)(1). However, since Plaintiff filed Motions requesting leave to amend his Complaint, we treat his Motions as a situation in which leave of court is required to amend. *See Centifanti v. Nix*, 865 F. 2d 1422, 1431 (3d Cir. 1989); *Ruelas v. U.S.*, 2009WL 2707604 (M.D. Pa.). While leave of court shall freely be given, we will recommend that the Court deny Plaintiff's Motions for Leave to Amend his Complaint due to futility of the proposed amendments. (Docs. 11 and 12).

In *Ruelas v. U.S.*, 2009WL 2707604, *3, the Court stated:

> Leave to amend a complaint should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). A district court has the discretion to deny a motion for leave to amend where it is apparent from the record that: (1) there is undue delay, bad faith or dilatory motive; (2) the amendment would be futile; or (3) the amendment would prejudice the other party. *See Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000).

Thus, it is within the Court's discretion to grant or deny a request for leave to file an amended pleading. *Farmer v. Brennan*, 511 U.S. 825, 845, 114 S. Ct. 1970, 1983 (1994); *Cureton v. NCAA*, 252 F. 3d 267, 272 (3d Cir. 2001). Furthermore, leave should be freely granted when doing so will promote the economic and speedy disposition of the whole case, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the case. *Id*.

While Rule 15(a) mandates that leave to amend "shall be freely given when justice so requires," if however the amendment would be futile, it should not be permitted. *See Forman v. Davis*, 371 U.S. 178, 182 (1982). The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Further, "prejudice to the non-moving party is the touchstone" for denying leave to file an amended complaint. *Cornell & Co., Inc. v. OSHA Review Comm'n*., 573 F. 2d 820, 823 (3d Cir. 1978).

In his Motions to Amend his Complaint (Docs. 11 and 12), Plaintiff states that he was initially placed into the old SMU program in June 2008 and that this program was "illegal" since the BOP did not enact a Program Statement ("PS") with respect to it. Plaintiff states that he remained in the "old-illegal SMU program from June 6, 2008 date, to the Feb. 6, 2009 date." Plaintiff states that on February 6, 2009, he was charged with a misconduct (BOP Code 307 offense) and placed "back on Phase One 1 of a New [legal] SMU program." (Doc. 12, pp. 1-2). Plaintiff then states that at the time of his placement into the new SMU program, he was not convicted of the Code 307 offense and that his conviction did not occur until March 22, 2009. Plaintiff states that at this point,

4

he was already in Phase Two of the "new and legal" SMU program.

Plaintiff seeks to amend his Complaint to modify his Fifth Amendment claims and allege that he should have had a hearing prior to his placement into the new SMU program which he admits was "legal" since he states it was implemented on November 9, 2009, pursuant to BOP PS 5217.01. Plaintiff also seeks to modify his Eighth Amendment conditions of confinement claims to challenge the restrictive conditions of the new SMU program. As stated, Plaintiff's Fifth Amendment claims and Eighth Amendment claims raised in his original Complaint related to his placement in the so-called "old" SMU program.

Thus, Plaintiff seeks permission to amend his pleading in order to change his Fifth Amendment due process claims and his Eighth Amendment conditions of confinement claims so that they relate to his placement into the new SMU program, allegedly without a hearing, which occurred on February 6, 2009, and so they relate to the conditions of the confinement in the new SMU program. It is clear that Plaintiff was well aware of the events which form the basis for his new Fifth Amendment and Eighth Amendment claims regarding his February 2 009 placement into the new SMU program, well before he filed his original Complaint on September 2, 2009. Based on our detailed discussion in our October 2, 2009 R&R, which was adopted by the Court, we find futility of the proposed amended claims Plaintiff seeks to raise in an Amended Complaint. We find no difference between Plaintiff's original Fifth Amendment and Eighth Amendment claims, which concerned his placement into the old SMU program, and his proposed amended Fifth Amendment and Eighth Amendment claims, which concern his placement into the new SMU program. Stated simply, we find no difference between Plaintiff's original Fifth Amendment and Eighth Amendment

claims regarding his placement into the old SMU program and his proposed amended Fifth Amendment and Eight Amendment claims regarding his placement into the new SMU program. We find that Plaintiff's proposed amended claims are still subject to dismissal for failure to state cognizable claims based on the same legal analysis discussed in our October 2, 2009 R&R.

Therefore, for the same reasons detailed in our October 2, 2009 R&R as to why Plaintiff failed to state any cognizable Fifth Amendment and Eighth Amendment claims with respect to his original Complaint, we find futility of Plaintiff's proposed new claims. Also, as stated, Plaintiff knew of his proposed amended claims long before he filed his original Complaint, *i.e.* in February and March 2009, and he should have included them in his original Complaint. In fact, Plaintiff offers no explanation or excuse in his present motions (Docs. 11 and 12) as to why he did not include in his original Complaint his Fifth Amendment and Eighth Amendment claims regarding his February 2009 placement into the new SMU program. We thus also find that Plaintiff's pending motions should be denied due to bad faith and a dilatory motive, in addition to futility.

Therefore, we will recommend that Plaintiff not be permitted to file an Amended Complaint with respect to both his Eighth Amendment claims and his Fifth Amendment due process claims since we find that Plaintiff's proposed amended claims will not cure the deficiencies identified by the Court with respect to his claims raised in his original Complaint. *See Nunez v. Lindsay*, 2007 WL 517754, *1 (M.D. Pa.)("The Court ... may deny leave to amend or supplement where the new claims would not withstand a motion to dismiss or where amendment would cause delay or prejudice to a party.")(citation omitted).

We also find that Plaintiff, in his motions, does not sufficiently state with specificity what the personal involvement of each Defendant was to violate his constitutional rights with respect to his proposed amended claims. As we previously stated, liability in a civil rights action may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976); *Innis v. Wilson*, 2009 WL 1608502 (3d Cir.). Also, the doctrine of *respondeat superior* is not an acceptable basis for liability under § 1983. *See Drummer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Rizzo v. Goode*, 423 U.S. 367 (1976); and *Innis, supra*.

### III. Recommendation.

Based on the foregoing, it is respectfully recommended that Plaintiff's Motions for Leave of Court to File an Amended Complaint **(Docs. 11 and 12)** be denied, and that this case be closed.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: January 15, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID D. KENT, | : | CIVIL ACTION NO. **1:CV-09-1701** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN BLEDSOE , et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 15, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof. Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections. The briefing
requirements set forth in Local Rule 72.2 shall apply. A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge. The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                     s/ Thomas M. Blewitt
                                                     **THOMAS M. BLEWITT**
                                                     **United States Magistrate Judge**

**Dated: January 15, 2010**